Alan M. Kindred, Esq. (NY ID #2086189)
Patrick W. Carothers, Esq. (PA ID #85721)
Gregory W. Hauswirth, Esq. (PA ID #307482)
LEECH TISHMAN FUSCALDO & LAMPL, LLC
545 Fifth Avenue
New York, NY  10017
Telephone:  412.606.3182
Facsimile:  412.227.5551
akindred@leechtishman.com
pcarothers@leechtishman.com
ghauswirth@leechtishman.com

*Counsel to Defendant, Technical Transportation, Inc.*

**UNITED STATED BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RUNWAY LIQUIDATION HOLDINGS, LLC, *et al.,* | Case No. 17-10466 (SCC) |
| Debtors. | (Jointly Administered) |
| RUNWAY LIQUIDATION, LLC | Adversary Proceeding No. 19-01062 (SCC) |
| Plaintiff, | |
| v. | |
| TECHNICAL TRANSPORTATION, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

**DEFENDANT'S ANSWER TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF**
**PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 & 550**

Defendant, Technical Transportation, Inc. (the "Defendant"), submits the following Answer to Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 & 550 (the "Complaint"), averring as follows:

### Nature of the Action

1. Defendant submits that no response is required to the averments in paragraph 1. To the extent a response is required, the averments in paragraph 1 are denied.

### The Parties

2. The averments in paragraph 2 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 2 are denied.

3. The averments in paragraph 3 are admitted.

### Jurisdiction and Venue

4. The averments in paragraph 4 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 4 are denied.

5. The averments in paragraph 5 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 5 are denied.

### Case Background

6. The averments in paragraph 6 are admitted.

7. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7 of the Complaint. To the extent a response is required, the averments in paragraph 7 of the Complaint are denied.

### Facts

8. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 8 of the Complaint. To the extent a response is required, the averments in paragraph 8 of the Complaint are denied.

9. The averments in paragraph 9 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 9 are denied.

10. The averments in paragraph 10 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 10 are denied.

11. The averments in paragraph 11 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 11 are denied.

## FIRST CLAIM FOR RELIEF

## (Avoidance of Preferential Transfers – 11 U.S.C. § 547)

12. Paragraphs 1 through 11 are incorporated herein by reference.

13. The averments in paragraph 13 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 13 are denied.

14. The averments in paragraph 14 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 14 are denied.

15. The averments in paragraph 15 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 15 are denied.

16. The averments in paragraph 16 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 16 are denied.

17. The averments in paragraph 17 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 17 are denied.

18. The averments in paragraph 18 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 18 are denied.

19. The averments in paragraph 19 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 19 are denied.

20. The averments in paragraph 20 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 20 are denied.

21. The averments in paragraph 21 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 21 are denied.

## SECOND CLAIM FOR RELIEF

### (Recovery of Property – 11 U.S.C. § 550)

22. Paragraphs 1 through 21 are incorporated herein by reference.

23. The averments in paragraph 23 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 23 are denied.

24. The averments in paragraph 24 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 24 are denied.

25. The averments in paragraph 25 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 25 are denied.

## DEMAND FOR JURY TRIAL

The Defendant hereby demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, the Defendant requests this case be dismissed.

## **AFFIRMATIVE DEFENSES**

26. Paragraphs 1 through 25 are incorporated herein by reference.

27. Plaintiff fails to state a claim upon which relief can be granted.

28. All elements of a *prima facie* case under §§ 547 & 550 are not met.

29. At all relevant times, the Debtors were solvent.

30. Assuming, without conceding, that all of the elements of a *prima facie* case under 11 U.S.C. § 547(b) can be met, any and all transfers that the Defendant received are immune from avoidance by virtue of 11 U.S.C. § 547(c).

31. To the extent established in discovery, and assuming, without conceding, that all of the elements of a *prima facie* case under 11 U.S.C. § 547(b) are present, the Defendant has a right of setoff under 11 U.S.C. § 553.

32. The Debtors received reasonably equivalent value for any payments made to the Defendant.

WHEREFORE, the Defendant requests that this case be dismissed.

Respectfully submitted,

LEECH TISHMAN FUSCALDO & LAMPL, LLC

Dated: March 29, 2019

By: */s/ Alan M. Kindred*
Alan M. Kindred (NY ID #2086189)
Patrick W. Carothers (PA ID #85721)
Gregory W. Hauswirth (PA ID #307482)
545 Fifth Avenue
New York, NY 10017
Telephone: 412.606.3182
Facsimile: 412.227.5551
akindred@leechtishman.com
pcarothers@leechtishman.com
ghauswirth@leechtishman.com

*Counsel to Defendant, Technical Transportation, Inc.*

Alan M. Kindred, Esq. (NY ID #2086189)
Patrick W. Carothers, Esq. (PA ID #85721)
Gregory W. Hauswirth, Esq. (PA ID #307482)
LEECH TISHMAN FUSCALDO & LAMPL, LLC
545 Fifth Avenue
New York, NY  10017
Telephone:  412.606.3182
Facsimile:   412.227.5551
akindred@leechtishman.com
pcarothers@leechtishman.com
ghauswirth@leechtishman.com
*Counsel to Defendant, Technical Transportation, Inc.*

**UNITED STATED BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RUNWAY LIQUIDATION HOLDINGS, LLC, *et al.*, | Case No. 17-10466 (SCC) |
| Debtors. | (Jointly Administered) |
| RUNWAY LIQUIDATION, LLC | Adversary Proceeding No. 19-01062 (SCC) |
| Plaintiff, | |
| v. | |
| TECHNICAL TRANSPORTATION, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon counsel of record this 29th day of March 2019, by the Court's electronic mail system and U.S. Mail, first class, postage prepaid, as follows:

Beth E. Levine, Esq.
Andrew W. Caine, Esq.
Jason S. Pomerantz, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
(*Counsel for Plaintiff, Runway Liquidation, LLC*)

*/s/ Patrick W. Carothers*